[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 23, 2010
JOHN LEY
CLERK

No. 09-15709
Non-Argument Calendar
_____

D. C. Docket No. 08-00031-CR-WLS-7

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TERRY LAMAR SANDERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(August 23, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Lamar Sanders appeals his conviction on one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), imposed following the district court's denial of his motion to suppress evidence seized from his person. Sanders contends that the district court erred in denying his motion to suppress. He argues that the circumstances surrounding his stop show that the police did not have reasonable suspicion to detain him even for an investigatory stop because the anonymous 911 call prompting the investigation was uncorroborated. Further, Sanders contends that his detention was actually an arrest, and therefore was illegal because probable cause was lacking.

"Review of a district court's denial of a motion to suppress evidence is a mixed question of law and fact." *United States v. Holloway*, 290 F.3d 1331, 1334 (11th Cir. 2002). We review the district court's factual findings for clear error, and its application of the law *de novo*. *Id*. In reviewing the district court's ruling, we construe the facts in the light most favorable to government. *Id*.

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The Fourth Amendment does not prohibit a police officer, "in appropriate circumstances and in an appropriate manner [from] approach[ing] a person for purposes of investigating possibly criminal behavior

2

even though there is no probable cause to make an arrest." *Terry v. Ohio*, 392 U.S. 1, 22, 88 S. Ct. 1868, 1880 (1968). "[A]n officer conducting a stop must have a reasonable, articulable suspicion based on objective facts that the person has engaged in, or is about to engage in, criminal activity." *United States v. Lindsey*, 482 F.3d 1285, 1290 (11th Cir. 2007) (quotation omitted). This "reasonable, articulable suspicion" must be more than a hunch. *Id.* (quotation omitted). We examine "the totality of the circumstances to determine whether the police had a particularized and objective basis for suspecting legal wrongdoing." *Id.* (quotations omitted). The police may "draw on their own experience and specialized training to make inferences from and deductions about the cumulative information available to them." *Id.* at 1290-91 (quotation omitted).

"To have reasonable suspicion based on an anonymous tip, the tip must 'be reliable in its assertion of illegality, not just in its tendency to identify a determinate person.'" *Id.* at 1291 (quoting *Florida v. J.L.* 529 U.S. 266, 272, 120 S. Ct. 1375, 1379 (2000)). "The issue is whether the tip, as corroborated by independent police work, exhibited sufficient indicia of reliability to provide reasonable suspicion to make the investigatory stop." *Id.* (quotation omitted). *See Holloway*, 290 F.3d at 1339 (recognizing that an anonymous 911 call conveying an emergency, together with the personal observations of police officers, can validate

3

a warrantless search).

After a stop is made, an officer may frisk or pat-down an individual to conduct a limited search for weapons when the officer has reason to believe that the individual is armed and dangerous. *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883. We have recognized "that a *Terry* search may continue when an officer feels a concealed object that he reasonably believes may be a weapon." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007).

In distinction from a *Terry* stop, a "full-scale [arrest]" implicates a higher level of Fourth Amendment scrutiny and requires a showing of probable cause. *United States v. Perez*, 443 F.3d 772, 777 (11th Cir. 2006). "There is no clear line separating arrests from *Terry* stops; the character of the seizure depends on the nature and degree of intrusion under the totality of the circumstances." *United States v. Diaz-Lizaraza*, 981 F.2d 1216, 1221 (11th Cir. 1993). To more objectively draw the line between a *Terry* stop and an arrest, we apply the following four non-exclusive factors: "the law enforcement purposes served by the detention, the diligence with which the police pursue the investigation, the scope and intrusiveness of the detention, and the duration of the detention." *United States v. Acosta*, 363 F.3d 1141, 1146 (11th Cir. 2004) (quotations omitted).

After a review of the record and consideration of the parties' briefs, we

conclude that the officers' corroboration of the anonymous 911 call created reasonable articulable suspicion to detain Sanders for an investigatory stop. The call conveyed that there was a possible emergency situation and information gleaned from the call, such as the clothes worn by the suspect, was independently corroborated by the police officer who stopped Sanders. Moreover, having legally stopped Sanders, the officers were justified in conducting a pat-down search to secure their safety. *Terry*, 392 U.S. at 27, 88 S. Ct. at 1883. Once the officers saw and felt bulges in Sanders's pockets, they were justified in searching the inside of the pockets for weapons. *Clay*, 483 F.3d at 743. Finally, the record shows that the stop did not become an arrest because there is no indication that the intrusiveness or duration of the stop exceeded the need to assure the officer's safety. *Acosta*, 363 F.3d at 1146. The motion to suppress was properly denied, and we affirm Sanders's conviction.

**AFFIRMED**.[1]

---

[1] Appellant's request for oral argument is DENIED.